**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SANDRA L. KEILBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3098-CV-W-DW-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Sandra Keilberg seeks judicial review of the denial of her request for disability insurance benefits under Title II of the Social Security Act. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. 42 U.S.C. § 405(g). After examining the parties' arguments and the administrative record, the Court affirms the Commissioner's decision.

I.      Standard of Review

On review, the district court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2005); 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion. See Craig v. Apfel, 212 F.3d 433, 435 (8th Cir. 2000). The Court does not "reweigh the evidence or review the factual record *de novo*." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994). Thus, when it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision. See Young v. Apfel, 221 F.3d 1065, 1066 (8th Cir. 2000).

II.    Discussion

The complete facts and arguments are presented in the parties' briefs and are repeated here only in part. Plaintiff challenges Administrative Law Judge Frederick Harap's ("ALJ") decision denying all benefits following a hearing held on July 14, 2005. Plaintiff asserts four errors warranting reversal of the ALJ's decision: 1) the ALJ erred in finding that Keilberg's impairments did not meet or equal a listed impairment, 2) the ALJ failed to properly evaluate the Keilberg's credibility, 3) the ALJ's residual functional capacity (RFC) determination is not supported by substantial evidence, and 4) the ALJ erred in finding Keilberg could perform past relevant work. Plaintiff's allegations of error are addressed in turn.

A.    Listing 1.02

The ALJ found that Plaintiff's condition did not fulfill all of the criteria necessary to meet or equal this listing (Tr. 18). Keilberg argues that her impairments, individually and in combination, meet Listing 1.02. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.02.

A claimant has the burden of proving her condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. §§ 416.925(d) and 404.1525(d) (1997); Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). The claimant must provide medical findings that support each of the specified medical criteria. Marciniak v. Shalala, 49 F.3d 1350, 1353 (8th Cir. 1995). An impairment that manifests only some of those criteria, no matter how severely, does not qualify. Id.

Listing 1.02 relates to major joint dysfunction and describes the necessary clinical findings required to establish its existence. Listing 1.02 requires *inter alia* a "gross anatomical deformity" such as subluxation, contracture, bony or fibrous ankylosis, or instability. While the record does demonstrate that Keilberg suffers from degenerative joint disease and is a candidate for knee

2

replacement, it is devoid of any medical findings establishing the required "gross anatomical deformity."

Keilberg also asserts that the ALJ failed to account for her obesity in making his determination as to Listing 1.02 also fails. A review of the ALJ's opinion establishes that he specifically mentioned Keilberg's obesity and expressly states that he took it into account. (Tr. 18.) The Court finds no error in the ALJ's determination that Keilberg does not meet or equal Listing 1.02.

B.     Credibility Evaluation

Keilberg next argues that the ALJ failed to properly analyze her credibility. (Pl. Brief at 17-20.) Generally, courts defer to ALJ credibility determinations that are supported with good reasons and substantial evidence. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). In making credibility determinations, the ALJ must consider objective medical evidence, as well as any evidence relating to the so-called Polaski factors, namely: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). In addition, subjective complaints, such as severity of impairments, may be discounted if there are inconsistencies found in the evidence as a whole. Polaski v. Heckler, 739 F.2d at 1322.

Here, the ALJ found that the objective medical evidence did not support Plaintiff's allegations of disability, a consideration he is permitted to make. See Forte v. Barnhart, 377 F.3d 892, 895 (8th Cir. 2004) ("lack of objective medical evidence is a factor an ALJ may consider"). Several doctors treated or examined Plaintiff during the period of alleged disability and none found

3

limitations consistent with disability. The record suggests, at least in part, that her pain and limitations were exacerbated by her failure to heed the advice of these doctors with regard to her obesity. More than one medical professional advised Keilberg that needful knee surgery could not be performed until she lost weight. In 2004, Dr. Bailey went so far as to opine that "[j]ust reducing her weight may be all that she needs to help her with her overall back pain." (Tr. 175.) Finally, in addition to the medical evidence in the record, the ALJ expressly considered Keilberg's daily activities and functional restrictions.

On review, the Court is convinced that the ALJ considered the evidence in the record in light of the proper standard and articulated the reasons for his finding. The Court finds the ALJ's credibility determination is supported by the substantial evidence on the record as a whole.

### C.     Residual Functional Capacity

The ALJ determined that Keilberg retained the residual functional capacity to occasionally lift ten pounds and frequently lift less than ten pounds; stand and walk for two hours of an eight hour workday; sit for six hours out of an eight hour workday; limited capacity in the lower extremities for pushing and pulling; and postural restrictions limiting her to only occasionally balancing, climbing, stooping, crouching, and crawling. He added that Keilberg had moderate non-exertional limitations in her ability to understand and remember detailed instructions, deal with the stress of work and in maintaining attention and concentration. The ALJ stated that his determination of Plaintiff's RFC was based on the opinions of Drs. Bubb, Campbell and Anderson. The ALJ further stated that his assessment was consistent with the totality of the medical evidence and the opinion of Dr. Khanna, who examined the claimant and determined she had no functional limitations. (Tr. 20)

Plaintiff argues that the ALJ "misconstrued Dr. Khanna's conclusions." (Pl. Br. at 18.)

4

Plaintiff asserts, and the Court agrees, that Dr. Khanna's notation—"[n]o objective evidence of any functional impairment noted clinically"—was directed to Plaintiff's psoriasis and not her other conditions. Nonetheless, the ALJ's failure to precisely explain of the scope of this statement does not amount to misconstruing Dr. Khanna's conclusions. Furthermore, nothing in Dr. Khanna's conclusions regarding Plaintiff's physical condition—morbidly obese, small-stepped limping gait, moderate-severe difficulty with orthopedic maneuvers, no paraspinous muscle spasms, and no asymmetrical reflex, sensory or motor deficits—place any limitations on her ability to perform sedentary work.

The Court finds that the ALJ's determination was based on all the relevant evidence in the record, see 20 C.F.R. § 404.1545(a), and is supported by substantial evidence on the record as a whole.

### D. Past Relevant Work

The ALJ found that Plaintiff is not prevented by her impairments from returning to her past relevant work as a costume jewelry department supervisor. (Tr. 21.) Plaintiff asserts that the ALJ erred in this finding because he did not perform a detailed comparison between the requirements of her past relevant work and her residual functional capacity. The Court disagrees.

In his decision, the ALJ noted the title and requirements of Plaintiff's past relevant work and considered the description of the jobs contained in the Dictionary of Occupational Titles. (Tr. 21.) The ALJ found Plaintiff's prior work as a costume jewelry department supervisor to be sedentary, skilled work activity and not very complex. As Plaintiff's RFC only precluded her from performing very complex work (Tr. 20), the Court finds that there is substantial evidence in the record as a whole supporting the ALJ's determination.

5

III.     Conclusion

After careful examination of the parties' briefs and the complete record, the Court AFFIRMS

the ALJ's decision finding that it is supported by substantial evidence on the record as a whole.

IT IS SO ORDERED.


Date:   January 31, 2007                                  /s/ DEAN WHIPPLE
                                                                   Dean Whipple
                                                          United States District Court

Case 6:06-cv-03098-DW   Document 8   Filed 01/31/07   Page 6 of 6